UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEDRICK R. BELL, <br><br> Defendant. | Case No. 19-cr-40085-JPG-3 |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Compassionate Release (Doc. 992). The Defendant, Dedrick Bell, filed the motion on October 19, 2023. Finding that Bell has failed to exhaust administrative remedies prior to filing, the Court hereby **DENIES** the motion.

### I.     BACKGROUND

Dedrick Bell pled guilty to multiple counts related to distribution of methamphetamine. (Doc. 465). Bell was sentenced to 235 months on each count concurrently. (Docs. 578, 580). After five months, Bell filed a motion for compassionate release, (Doc. 710), which was subsequently denied. (Doc. 930). Now, nearly two years after Bell moved for compassionate release the first time, Bell has again moved for compassionate release. (Doc. 992).

In his motion, Bell argues that his mother and father have cancer and that he would be their primary caretaker. Additionally, Bell argues that some of his preexisting medical conditions place him at greater risk for COVID-19 infection and complications.

## II.  LEGAL STANDARD

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, a defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction, *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021); otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

For a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, they must have first exhausted his administrative remedies,[2] the Court must find that (1) there are extraordinary and compelling reasons for a reduction, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), those extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13.

### III.  ANALYSIS

Bell claims that he has exhausted his administrative remedies, however, as the Government points out in their response, to satisfy the exhaustion requirement, Bell must show that the warden had thirty days to act on his request for compassionate release and that the warden was able to properly consider the request. For the warden to properly consider the request, Bell must have asserted the same or similar issues as grounds for relief before the warden as he asserts before the Court. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Bell's request for compassionate release to the warden is far different than his request for compassionate release before the Court. Bell's request to the warden broadly refers to his "medical, family circumstances and rehabilitation." There are several problems with his request that prove ultimately fatal for showing exhaustion.

---

[2] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

First, Bell does not list the medical issues he is requesting release for, he merely says "on my medical issue [sic] I am awaiting my medical records." (Doc. 992, Ex. A). Even though the warden may have access to his medical files, it is not for the warden to comb through Bell's medical files to infer which of his conditions may require release. Bell's approach did not adequately inform or apprise the warden of the grounds for his request.

Second, Bell references "family circumstances" but only states that "my parents need me home to be the primary home care taker." (Doc. 992, Ex. A). Bell gives no additional details on his parents' condition(s) that require him to be the primary home caretaker. Again, speaking in broad generalities is insufficient to apprise the warden of the grounds for which he is seeking release.

Third, Bell seeks release because his medical conditions, he believes, puts him at greater risk for COVID-19 infection and complications. Yet, this argument is entirely absent from his request to the warden. Again, it is not on the warden to divine Bell's arguments for him nor predict the basis for Bell's request.

As exhaustion of administrative remedies is a *necessary* condition for seeking compassionate release on the merits, and exhaustion cannot be waived, addressing the merits of Bell's motion—or lack thereof—is unnecessary.

### IV. CONCLUSION

Because Bell has failed to exhaust his administrative remedies prior to filing, Bell's Motion for Compassionate Release (Doc. 992) is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED:  April 9, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**