UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEDRICK R. BELL,<br><br>        Defendant. | Case No. 19-cr-40085-JPG-3 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Motion to Supplement, (Doc. 1077), his Motion for Compassionate Release. (Doc. 1058). Dedrick R. Bell filed his motion for compassionate release on June 21, 2024, and his motion to supplement on August 26, 2024.

Bell pled guilty to drug charges on December 16, 2020. (Doc. 465). Bell was sentenced to 235 months in prison on May 12, 2021. (Doc. 578). Bell has moved for compassionate release, the Government has responded in opposition, (Doc. 1076), and the matter was awaiting disposition when the defendant filed his motion to supplement. (Doc. 1077).

The First Step Act expanded the sentence reduction provisions of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

Bell's motion to supplement presented some additional facts or arguments for his present motion for compassionate release, however, Bell also raised additional grounds for compassionate release. During the pendency of his motion, Bell alleged that the mother of his minor child received a cancer diagnosis and, therefore, his minor child would have no available caregiver. Additionally, Bell alleged that he would be the primary caregiver to the mother of his minor children and her mother, Bell's minor child's maternal grandmother.

Bell's motion to supplement raised a predicament.

The exhaustion requirement, unless waived by the Government, requires that the warden have thirty days to act on the movant's request for compassionate release, and that the warden was able to properly consider the request. For the warden to properly consider the request, the movant must have asserted the same or similar issues as grounds for relief before the warden as he asserts before the court. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Bell has satisfied the exhaustion requirement for his present motion for compassionate release. However, Bell presents a *new* reason for compassionate release and has not alleged that he exhausted administrative remedies on that basis. Consequently, were the Court to grant Bell's motion to supplement, Bell's motion for compassionate release would no longer be on the *same or similar grounds* that Bell initially presented to the warden. Bell's motion for compassionate release alleged *some* family circumstances as grounds for compassionate release, but the

situation has changed.

Considering these facts, this Court found that granting Bell's motion to supplement would appear to run afoul of the exhaustion requirement and render his entire motion subject to denial for failure to exhaust—even though Bell satisfied the exhaustion requirement for all the claims he initially raised. Proverbially speaking, if one bad apple spoils the barrel, granting Bell's motion to supplement appears to be analogous to adding a bad apple to an otherwise good barrel.

If Bell's motion to supplement had been filed as its own motion for compassionate release in its current state and the Government did not waive the exhaustion requirement, the Court would be required to deny Bell's recontextualized motion. Then, Bell would be required to draft a request to the warden and wait an additional thirty days before refiling.

On first impression, it seemed inefficient to deny Bell's motion to supplement and rule on Bell's present motion for compassionate release, only to rule on another motion for compassionate release in thirty days. Yet, the exhaustion requirement is mandatory, and the Court has no authority to waive it; only the Government has that discretionary authority.

Thus, the Court found itself stuck in a dichotomy: grant the motion to supplement and "throw the baby out with the bath water," as it were, by denying the entirety of his motion on the grounds that he failed to exhaust on his supplemental claim; or alternatively, deny the motion to supplement and address the issue again in thirty days. Exasperating this dichotomy is the fact that, if Bell's characterization of his family circumstances is accurate, Bell's significant other, the primary caretaker of their minor child and that child's maternal grandmother, may no longer be able to care for herself, rendering her unable to care for their minor child and the child's maternal grandmother.

Given the unique circumstances and given that Bell's additional grounds for compassionate release are not clearly frivolous—for the sake of judicial efficiency—the Court deferred ruling on the motion to supplement and ordered the Government to respond to the motion to supplement indicating their position on the motion itself, whether they wish to invoke or waive the exhaustion requirement, and their position on the merits of Bell's motion to supplement. The Court ordered that any such response should be limited in scope to the issues raised by the motion to supplement, not expand on the facts and arguments for Bell's initial motion for compassionate release.

On October 31, 2024, per the Court's order, the Government responded to the motion to supplement. (Doc. 1092). In that response, the Government stated that it would stand on its rights and not waive the exhaustion requirement for the new grounds Bell raised in his motion to supplement. Additionally, the Government stated that while the mother of Bell's minor child was diagnosed with cancer, that the diagnosis alone was insufficient to satisfy the standard for compassionate release. The Government argues that compassionate release only permits release in family circumstances where the caretaker of a minor child is "incapacitated." While Bell's motion to supplement supports the diagnosis of his minor child's mother, it is insufficient to show that she is incapacitated.

Again, the exhaustion requirement is mandatory, thus, even if the Court wished to analyze Bell's claims on the merits, as the Government has indicated they do not intend to waive exhaustion, the Court cannot excuse a failure to exhaust here. Considering the aforementioned dichotomy between granting the supplement and denying the entirety of the motion or denying the motion to supplement, the Court finds—given the initial motion has been fully briefed—that it would be the best course of action to deny the motion to supplement and proceed with

analyzing Bell's initial motion.

**CONCLUSION**

As the Government has elected not to waive the exhaustion requirement for the additional grounds for compassionate release raised in Bell's motion to supplement, (Doc. 1077); and given that Bell's initial motion for compassionate release, (Doc. 1058), has already been fully briefed; the Court hereby **DENIES** Bell's motion to supplement. (Doc. 1077). The Court will proceed with examining that initial motion, (Doc. 1058), on its own merits.

**IT IS SO ORDERED.**
**DATED:  November 5, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**